**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VAN SHAW,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:23-CV-01996-E** |
| | § | |
| **UNITED PARCEL SERVICE, INC. and RENE G. ACOSTA,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**JOINT STATUS REPORT**

Plaintiff Van Shaw and Defendants United Parcel Service, Inc., and Rene G. Acosta, file their Joint Status Report in accordance with the Court's Status Report Order [Doc. 6] as follows:

1. Brief Statement of the Nature of the Case.

Plaintiff's statement. Plaintiff owns and operates his business out of 2723 Fairmount St., Dallas, Texas 75201. Defendant UPS, through Defendant Acosta, previously made deliveries to Plaintiff's business. On or about March 24, 2023, Defendant Acosta attempted to make a delivery to Plaintiff's business and during this attempt began to bang on Plaintiff's door and disturbed business operations. Plaintiff opened the door and instructed Defendant Acosta not to bang on the door in the future. Defendants have refused to make deliveries to Plaintiff's business since March 24, 2023, without cause or reason. After March 24, 2023, Defendants have falsely stated to others that Plaintiff would pick up and accept deliveries at a UPS store. Plaintiff never made such agreement or representation. Plaintiff has been injured as a result of the foregoing actions of Defendants.

Defendants' statement. On or about March 24, 2023, UPS driver Rene Acosta attempted to make a delivery to 2723 Fairmount, Dallas, Texas. He rang the doorbell twice, but no one responded. He then knocked on the door. Leticia Botello answered the door and took delivery of the package. At that point, Van Shaw came out of the office, cursed at Acosta, told him to get off his property and never come onto the property again or Shaw would sue Acosta and UPS. Due to the abuse directed at UPS's driver and Shaw's directions, UPS placed the 2723 Fairmount destination on a will-call status in which deliveries to that address will be held for pick-up at a UPS facility. Defendants contend that Plaintiff has no actionable claims against Defendants, Plaintiff's claims are preempted by federal statutory and common law, Plaintiff's claims are subject to a mandatory arbitration provision, UPS's liability is precluded by terms of the UPS Tariff, and repeat Defendants' other affirmative defenses stated in Defendants' answers.

2. Any Challenge to Jurisdiction or Venue. Plaintiff intends to file a motion to remand the action to state court, otherwise there are no challenges to jurisdiction or venue.

3. Pending Motions. None.

4. Matters that Require a Conference with the Court. None at this time.

5. Likelihood other Parties will be Joined or Pleadings Amended. The parties do not anticipate adding any parties and do not currently intend to amend the pleadings.

6. Counsel confirm they have read *Dondi Properties Corp. v. Commerce Savings and Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), and the District's Civil Justice Expense and Delay Reduction Plan.

7. Discovery Issues.

(a) The parties estimate discovery can be completed in six months because this is a relatively simple case that involves relatively few documents and will require no more than three depositions on each side.

(b) The subjects on which discovery will be taken include the facts surrounding the event on March 24, 2023, the actions taken by Acosta and UPS in reaction to the event on March 24, 2023, and Plaintiff's claimed damages.

(c) Discovery should not be conducted in phases or be limited to or focused upon issues.

8. Electronic Discovery. The parties do not foresee issues related to disclosure or discovery of electronically store information.

9. Privilege Issues. The parties request entry of a Federal Rule of Evidence 502(d) order in the form attached hereto.

10. Discovery Limitations. The parties do not request any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the District's Local Rules.

11. Other Orders. The parties do not seek any orders under Rule 26(c) or Rule 16(b) and (c) at this time.

12. Proposed Deadlines.

Join additional parties – November 1, 2023

Amend pleadings – December 1, 2023

File dispositive motions – June 3, 2024

Complete discovery – May 1, 2024

Plaintiff to designate experts and provide reports – March 1, 2024

Defendants to designate experts and provide reports – April 1, 2024

13. Trial.

Proposed Trial Date – August 6, 2024

Estimated Trial Length – one or two days.

Plaintiff has demanded trial by jury.

14. Magistrate Judge. The parties do not unanimously agree to trial before a Magistrate Judge.

15. Progress toward Settlement. The parties discussed a potential approach to settlement and will have further communications in the near term with respect to this potential approach.

16. Mediation. Mediation has not taken place. Mediation would be the most appropriate form of alternative dispute resolution and would be most effective if undertaken early in the proceeding.

17. Other Matters. None at this time.

Respectfully submitted, this 5th day of October 2023.

*/s/ Beau Powell*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net

ATTORNEYS FOR PLAINTIFF

*/s/ J. Robert Arnett II* – by BP w/ permission

J. Robert Arnett II
Email: barnett@carterarnett.com
Texas Bar No. 01332900
**CARTER ARNETT PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
(214) 550-8188 Telephone
(214) 550-8185 Facsimile

COUNSEL FOR DEFENDANTS UNITED PARCEL SERVICE, INC. AND RENE G. ACOSTA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was duly served on all counsel of record via the Court's CM/ECF System on October 5, 2023.

*/s/ Beau Powell*
JEREMY B. (BEAU) POWELL