IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAN SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-01996-E |
| | § | |
| UNITED PARCEL SERVICE INC, and RENE G. ACOSTA | § § § | |
| | § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Van Shaw's ("Shaw") Motion to Remand. (ECF No. 8). After reviewing the motion, briefing, and relevant appendices, the Court **DENIES** the Motion, concluding that federal question jurisdiction exists.

### I. BACKGROUND

The relevant statement of facts is taken from Shaw's original petition:

> Plaintiff owns and operates his business out of 2723 Fairmont St., Dallas, Texas 75201. Defendant, United Parcel Service, previously made deliveries by and through Defendant Acosta to Plaintiff at 2723 Fairmont St., Dallas, Texas 75201. Defendants' last known delivery to Plaintiff at 2723 Fairmont St., Dallas, Texas 75201 took place on March 24, 2023. Defendants failed and refused to make deliveries after March 24, 2023 without cause or reason. While refusing to deliver to Plaintiff at 2723 Fairmont St., Dallas, Texas 75201, Defendants falsely stated to others that Plaintiff would pick up and accept packages at a United Parcel Service store. Plaintiff never made any such agreement or representation.

(ECF No. 2-2 at 2).

Shaw initiated this lawsuit in state court on August 1, 2023, alleging four causes of action against Defendants United Parcel Service and Rene G. Acosta (collectively "UPS"): (i) negligence; (ii) negligent misrepresentation; (iii) tortious interference with existing contract; and (iv) tortious

interference with prospective business relations. (ECF No. 2-2). On September 5, 2023, UPS removed this action to federal court on two bases: (i) the Carmack Amendment under 49 U.S.C. § 14706; and (ii) federal common law patterned on the Carmack Amendment based on air carrier liability. (ECF No. 1).

On October 5, 2023, Shaw filed his motion to remand arguing that (i) the Carmack Amendment is not applicable as Shaw's monetary relief sought does not exceed $10,000; and (ii) federal common law does not apply as the refused deliveries were not transported by air. (ECF No. 8). UPS filed their response, (ECF No. 9), along with their appendix in support, (ECF No. 10), on October 26, 2023. Shaw did not file a reply. Thus, the motion to remand has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in state court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

"Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Federal question cases are those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc.,* 482 U.S. at 392. "Thus, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983). "In cases that have been removed to federal court, the plaintiff's complaint rather than the removal petition must establish federal jurisdiction." *Kidd v. Southwest Airlines*, 891 F.2d 540, 542 (5th Cir. 1990).

"The well-pleaded complaint rule, however, is not without its exceptions." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). A state claim may be removed to federal court when "Congress expressly so provides", or through complete preemption. *Hoskins*, 343 F.3d at 773. One of these exceptions—complete preemption—occurs when the federal statute "so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Hoskins*, 343 F.3d at 773 (quoting *Carpenter v. Wichita Falls Ind. School Dist.,* 44 F.3d 362, 366 (5th Cir. 1995)). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). "This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *Beneficial*, 539 U.S. at 8.

### III. ANALYSIS

As stated above, UPS removed this case to federal court on two bases: (i) the Carmack Amendment, and (ii) federal common law based on air carrier liability. (ECF No. 1). In his motion to remand, Shaw argues that: (i) the Carmack Amendment is not applicable because the $10,000 amount in controversy requirement for claims governed by the Carmack Amendment is not met; and (ii) federal common law is inapplicable as none of the refused deliveries at issue were transported by air transportation. (ECF No. 8). The Court concludes that both bases for removal are proper, and Shaw's motion to remand must be denied as his arguments are unavailing to strip the Court of its subject-matter jurisdiction.

**A.      Carmack Amendment**

"The Carmack Amendment establishes the standard for imposing liability on a motor carrier for the actual loss or injury to property transported through interstate commerce." *Heniff Transportation Sys., L.L.C. v. Trimac Transportation Servs., Inc.*, 847 F.3d 187, 189–90 (5th Cir. 2017); s*ee* 49 U.S.C. § 14706. "The purpose of the Amendment is to establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). According to Fifth Circuit precedent, "the Carmack Amendment completely preempts all state law and federal common law claims for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *New Process Steel Corp. v. Union Pac. R. Co.*, 91 F. App'x 895, 898 (5th Cir. 2003). Further, because "Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*," such claims arise under federal law and can be removed under § 1441. *Hoskins*, 343 F.3d at 778 (emphasis in original).

Claims arising under the Carmack Amendment are properly removed under § 1441 when the statutory requirements of 28 U.S.C. §§ 1337 and 1445 regarding amount in controversy are met. Under § 1337, "district courts shall have original jurisdiction of an action brought under [] section 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." § 1337(a). Similarly, § 1445 states:

> [a] civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section [] 14706 of title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.

§ 1445(b). Notably, "[f]ederal jurisdiction under the Carmack Amendment does not [] depend on the amount on the face of the receipt or bill of lading." *Simmons v. United Parcel Serv.*, 924 F. Supp. 65, 67 (W.D. Tex. 1996); *see also Matrix Chem., LLC v. Fedex Freight, Inc.*, No. 4:15-CV-779, 2016 WL 260948, at *2 (E.D. Tex. Jan. 21, 2016). "If the shipment generates a controversy exceeding $10,000, the claim satisfies the $10,000 jurisdictional requirement." *Simmons*, 924 F. Supp. at 67. Stated simply, the Court has original jurisdiction over civil actions arising under the Carmack Amendment if the amount in controversy exceeds $10,000.

As to UPS's removal based on the Carmack Amendment, Shaw does not contest the applicability of the Carmack Amendment, but rather argues only that the amount in controversy does not satisfy the requirement under §§ 1337 and 1445. (ECF No. 8 at 1-3). In Shaw's motion for remand, he attempts to argue that such requirement is not met: "Plaintiff hereby stipulates that the monetary damages he seeks are less than Ten Thousand Dollars ($10,000), exclusive of interest and costs." (ECF No. 8 at 3). However, in Shaw's original petition, he states that "Plaintiff seeks monetary relief only against Defendants for less than $70,000." (ECF No. 2-2 at 5). Seemingly analogous to the issue at hand, in *Simmons v. United Parcel Service*, plaintiffs argued that the amount in controversy was not met, yet they stated in their state court petition that "[t]he total

amount of damages [] does not exceed $49,000. 924 F. Supp at 67. The court found such assertion sufficient to meet the $10,000 amount in controversy requirement, and thus concluded removal was proper. *Simmons*, 924 F. Supp. At 67; *see also Bongo, LLC v. Crane Worldwide Logistics, LLC*, No. CV H-13-1365, 2013 WL 12188596, at *2 (S.D. Tex. Sept. 3, 2013) (concluding that the amount in controversy requirement of §§ 1337 and 1445 had been met as plaintiff plead that his damages were no less than $75,000). Accordingly, Shaw's statement in his original petition that his damages did not exceed $70,000 is sufficient to satisfy the $10,000 amount in controversy requirement of §§ 1337 and 1445.

Thus, the amount in controversy requirement is met and Shaw's claims are preempted by the Carmack Amendment. Accordingly, the Court denies Shaw's motion to remand and concludes UPS's removal under the Carmack Amendment was proper.

**B.    Federal Common Law**

Notwithstanding that removal was proper based on the Carmack Amendment—even if the $10,000 amount in controversy requirement of §§ 1337 and 1445 was not met—UPS's removal was still proper based on federal common law. Specifically, Shaw's state law claims are preempted by the Airline Deregulation Act and federal common law governing an air carrier's liability for transporting property.

"The Airline Deregulation Act of 1978 ("ADA") was enacted to dismantle federal economic regulation of interstate air transportation." *N. Cypress Med. Ctr. Operating Co. Ltd v. Fedex Corp.*, 892 F. Supp. 2d 861, 866 (S.D. Tex. 2012). "To prevent the states from frustrating the goals of deregulation by establishing or maintaining economic regulations of their own," Congress prohibits state law tort claims against air carriers when the claims are related to the prices, routes, or services of an airline carrier. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335

(5th Cir. 1995). Specifically, the ADA states: "[a] State[ ] ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1). The Supreme Court has interpreted the preemptive effect of the ADA broadly—any state law "having a connection with or reference to airline prices, routes, or services is preempted unless the connection or reference is too tenuous, remote, or peripheral." *Onoh v. Nw. Airlines, Inc.*, 613 F.3d 596, 599 (5th Cir. 2010) (quoting *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384, 390 (1992)).

Thus, just as claims for damage or loss to goods transported by motor carrier are preempted by the Carmack Amendment, "claims for damage or loss to goods transported via air are likewise preempted by federal common law." *Bongo, LLC*, 2013 WL 12188596, at *2; *see also Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 929 (5th Cir. 1997) ("a federal cause of action continues to survive for freight claims against air carriers"). The Fifth Circuit explicitly expressed that applying the Carmack Amendment instead of the ADA and federal common law applicable to air shipments or vice-versa "would not result in a different outcome due to the near-identity of the preemptive effect and limited liability requirements for air and ground shipments." *Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1011 (5th Cir. 2010).

Additionally, "[a]lthough aimed at the airline industry, the ADA and the preemption provision also apply to all carriers that are *affiliated* with a direct air carrier." *N. Cypress Med. Ctr. Operating Co. Ltd*, 892 F. Supp. 2d at 866; *see* 49 U.S.C. § 41713(b)(4). The statute specifies that it applies to "an air carrier or carrier affiliated with a direct air carrier through common controlling ownership when such carrier is transporting property by aircraft or by motor vehicle (whether or not such property has had or will have a prior or subsequent air movement)." § 41713(b)(4)(A).

Further, the Federal Aviation Authorization Administration Act—modeled on the language found in the ADA—expressly "preempts state law relating to the services of interstate carriers such as UPS." *Rockwell v. United Parcel Serv., Inc.*, No. 2:99 CV 57, 1999 WL 33100089, at *1 (D. Vt. July 7, 1999).

Thus, as all of Shaw's state law claims arise from UPS's alleged failure to deliver the packages at issue, they are preempted by a plain reading of § 41713(b)(4)(A), whether such packages were transported by aircraft or motor vehicle.[1]

Further, Shaw does not dispute the applicability of the ADA or federal common law, but rather contends merely that "the refused deliveries were not transported by air." (ECF No. 8 at 1). Shaw provides no evidence or law to support his plain assertion that none of the deliveries at issue were transported by air. In response, to support their proposition that some of the deliveries at issue were indeed transported by air carriage, UPS provides the declaration of Christopher Gonzales, a Security Investigator for UPS:

> After I received a copy of the Complaint Plaintiff Van Shaw filed, I performed a search in UPS's DIAD Information Repository system for packages that UPS transported and delivered, or attempted to deliver, to Plaintiff's address, located at 2723 Fairmount, Dallas, Texas 75201 (the "Subject Address") from March 2023 to the present. Based on my review, I identified several packages that were transported by air carriage and held for pickup at a UPS facility, including the following:
> - A Next Day Air Saver package with UPS tracking number IZW0607W1397979423 that was shipped on or around April 14, 2023 from Fort Lauderdale, Florida to the Subject Address;
> - A Next Day Air package with UPS tracking number IZ3024W20153555506 that was shipped on or around April 19, 2023 from Redlands, California to the Subject Address;
> - A Next Day Air Saver package with UPS tracking number IZ7F46741371396238 that was shipped on or around May 30, 2023 from Kalispell, Montana to the Subject Address; and

---

[1] *See Gold Town Corp. v. United Parcel Servs., Inc.*, 75 Misc. 3d 46, 47, 169 N.Y.S.3d 458, 459 (N.Y. App. Term. 2022) (concluding that § 41713[b][4][A] embraces all state claims related to "price, route, or service of motor carriers of property, including UPS").

- A Next Day Air Saver package with UPS tracking number IZ527YA20100594178 that was shipped on or around June 13, 2023 from Chantilly, Virginia to the Subject Address.

(ECF No. 10-1 at 1-2). Shaw did not file a reply to UPS's response, nor did he refute these findings in any way. Therefore, the Court finds that some of the deliveries at issue in this case were transported by air, and the ADA is applicable.

Thus, Shaw's state law claims are preempted as they fall squarely within the purview of the ADA, and his motion to remand must be denied. Further, Shaw's argument that none of the deliveries were transported by air has no merit as the Court has concluded that Shaw's claims are preempted regardless—no matter if they were transported by air carrier or motor vehicle. In sum, none of the factual discrepancies presented by Shaw cast doubt upon the propriety of UPS's removal of this action to federal court. Regardless of whether the Court applies the Carmack Amendment, or the ADA and federal common law, all of Shaw's claims are preempted, and the Court has subject-matter jurisdiction over the matter.

## IV. CONCLUSION

For the reasons enumerated above, the Court **DENIES** Shaw's motion for remand, (ECF No. 8), as Shaw's state law claims are preempted under the Carmack Amendment and federal common law applicable to air shipments, and thus, the Court has proper federal jurisdiction.

**SO ORDERED:** April 4, 2024.

Ada E. Brown
UNITED STATES DISTRICT JUDGE